**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO 1:18-cv-21367- DPG

PHILIP DUNLEAVEY,
individually and on behalf of all others
similarly situated,

**CLASS ACTION**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

LUX VENDING, LLC.,

Defendant,

_____/

**NOTICE OF FILING EXHIBIT A**

    Plaintiff, PHILIP DUNLEAVEY, hereby files this Notice of Filing Exhibit A referenced in the Complaint, but inadvertently not attached.

Date: April 6, 2018

Respectfully Submitted,

**SHAMIS & GENTILE, P.A.**

/s/ Andrew J. Shamis
Andrew J. Shamis, Esq.
Florida Bar No. 101754
14 NE 1st Ave.
Suite 400
Miami, Florida 33132
ashamis@shamisgentile.com
Telephone: 305.479.2299

Counsel for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner.

Respectfully submitted,

**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave., Suite 400
Miami, FL 33132
Telephone (305) 479-2299
Facsimile (786) 623-0915
Email: efilings@sflinjuryattorneys.com

By:   /S/Andrew J. Shamis____
ANDERW J. SHAMIS, ESQ
Florida Bar # 101754

*Attorneys for Plaintiff PHILIP DUNLEAVEY and all others similarly situated.*

*Exhibit "A"*

# COWSERT | HEATH

A LIMITED LIABILITY PARTNERSHIP

William S. Cowsert
M. Steven Heath
Susan S. Elder
Matthew A. Moseley

David F. Ellison
david.ellison@cowsertheath.com

Michael S. Broun
Joseph D. Stephens
David F. Ellison
Mandi C. Mathis

March 6, 2018

Andrew Shamis
Shamis & Gentile, P.A.
14 NE 1st Avenue, Suite 400
Miami, FL 33132
ashamis@shamisgentile.com

Re:   Lux Vending, LLC d/b/a Bitcoin Depot

Dear Mr. Shamis:

I represent Lux Vending, LLC d/b/a Bitcoin Depot and I send this letter to acknowledge receipt of your correspondence dated March 1, 2018. My client has reviewed its records and it respectfully disagrees with your contention that it has violated the Telephone Consumer Protection Act or any duties to Mr. Dunleavy.

On February 7, 2018, Mr. Dunleavy transacted business with Bitcoin Depot by using one of its ATM kiosks. As part of that transaction, Mr. Dunleavy provided his cellular telephone number to my client. Section 1.8 of Bitcoin Depot's Terms and Conditions reads as follows:

> **1.8 Calls & Texts to You; Mobile Telephone Numbers**
>
> By providing Bitcoin Depot a telephone number (including a wireless/cellular telephone), you consent to receiving autodialed and prerecorded message calls or SMS text messages related to Bitcoin Depot Services at that number. If we determine that a telephone number you have provided to us is a mobile telephone number, we may categorize it as such in our systems and in your Profile.

Before proceeding with his transaction with Bitcoin Depot, my client's ATM Kiosk expressly advised Mr. Dunleavy of these terms and conditions by notifying him as follows:

> View all terms of service on our website: https://www.bitcoindepot.com/terms. All of the terms listed on this webpage apply to your account with Bitcoin Depot including any transactions with Bitcoin Depot.

According to the express terms and conditions Mr. Dunleavy which accepted as part of his transaction with Bitcoin Depot, Mr. Dunleavy consented to receiving SMS text messages related to my client's services at the number provided. Having lawfully gained consent, my client sent its first and only marketing text message to Mr. Dunleavy on February 21, 2018. As you are aware, revocation of consent must be clearly made and express a desire not to be called or texted. That did not occur in this instance and Mr. Dunleavy did not revoke his consent prior to your correspondence dated March 1, 2018. Although your client never responded to Bitcoin Depot's text message, my client will treat your correspondence dated March 1, 2018 as notice of Mr. Dunleavy's revocation of his consent to receive autodialed and prerecorded message calls or SMS text messages related to Bitcoin Depot's services. His telephone number has been removed from the list of numbers that have consented to receiving Bitcoin Depot's marketing messages, and he will no longer receive marketing text messages from my client.

My client trusts that this correspondence will draw this matter to a close and that no further action will be necessary. Nevertheless, my client demands that Mr. Dunleavy preserve all evidence related to this matter including, but not limited to, evidence of his alleged harm, invasion of privacy, aggravation and intrusion. In the meantime, please be advised that my client reserves all rights and remedies provided by law including the right to seek the appropriate relief against any person responsible for advancing a claim that lacks factual basis or legal merit.

Thank you for your attention to this matter and please let me know if you have any questions regarding this letter.

Sincerely,

David F. Ellison